UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

```
FILED by ____ D.C.
FEB 26 2018
STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI
```

Case No. 1:18-CV-20596-FAM

JONATHAN MULLANE,
    Plaintiff,

v.

BARCLAYS BANK DELAWARE INC.,
    Defendant.

_____/

## PLAINTIFF'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION AND SUPPORTING MEMORANDUM OF LAW

### MOTION

COMES NOW Plaintiff Jonathan Mullane (hereinafter, "Plaintiff") in the above-styled action, and moves this Honorable Court for an emergency temporary restraining order and preliminary injunction against Defendant Barclays Bank Delaware Inc. (hereinafter, "Defendant" or "Barclays") pursuant to Fed. R. Civ. P. 65. To wit, Plaintiff requests an order enjoining Defendant from unlawfully carrying out its threat to report a "charge-off" of Plaintiff's "open credit" account on Tuesday, February 27, 2018.

Plaintiff submits the following memorandum of law, relying on the premises therein in support of his Motion.

### MEMORANDUM

**I. Introduction**
   **a. Inception of the underlying dispute between the Parties**

The instant action comes before this Court in connection with Defendant's unlawful retaliation against Plaintiff—an innocent consumer and former credit card account holder of Defendant—due to Plaintiff's exercise of his Constitutional right to petition the judiciary for redress. Defendant is a financial institution, which offered an "open credit" account and credit card to Plaintiff.

On or about May 31, 2017, Plaintiff became aware of a "billing error" on his credit card account. Subsequent thereto, both Plaintiff and Plaintiff's attorney notified Defendant repeatedly of said "billing error" in writing. Inexplicably, and for reasons which remain unknown to Plaintiff even to this day, Defendant categorically refused to correct the "billing error." Although Defendant claimed that it had not obtained "sufficient documentation" from Plaintiff, in no way did Defendant conduct any investigation of the said billing error and erroneous credit card charge in "good faith." Indeed, at no time relevant hereto did Defendant even request any documentation whatsoever from Plaintiff or his attorney.

By way of example only, on or about July 5, 2017, via his attorney in the United States, Plaintiff mailed his third letter and request to Defendant, politely requesting that Defendant contact Plaintiff's attorney in Massachusetts regarding any and all inquiries or documentation. [Exhibit "A"]. Plaintiff's request was reasonable, as Plaintiff was travelling in Belgium and thus could not be easily reached. In each and every letter sent to Defendant, Plaintiff politely reminded Defendant that he could not be reached at his Massachusetts mailing address as he was abroad. Defendant inexplicably refused Plaintiff's reasonable request that it contact Plaintiff's attorney, and Defendant refused to do so repeatedly.

Accordingly, as a matter of law, Defendant cannot now contend that it acted in "good faith" in its self-serving statement that Plaintiff failed to provide documentation in support of his request that Defendant correct the subject "billing error." Because Plaintiff's foregoing Fair Credit Billing Act ("FCBA") claim against Defendant was previously filed in a Massachusetts court and is currently awaiting a jury trial, Plaintiff's claim for recovery vis-à-vis the monetary loss incurred as a result of Defendant's refusal to correct the subject "billing error" is not properly before this Court.

**b. Basis of Plaintiff's claims in the instant action before this Court**

2

Currently a citizen of Florida and domiciled in this District, <u>subsequent</u> to filing a small claims complaint in a Massachusetts court on or about August 12, 2017, Defendant Barclays Bank Delaware, via its attorney Jennifer Rossi, Esq., began its pattern of unlawful discrimination, harassment, and intimidation against Plaintiff for having filed a complaint. In addition to the foregoing, via its aforesaid counsel, Defendant employed—and continues to employ—unlawful retaliation and coercion against Plaintiff, in an unsuccessful attempt to coerce Plaintiff into abandoning his suit. Defendant improperly attempted to coerce Plaintiff into accepting an unfavorable "settlement" agreement—one which, quite shockingly, entailed no payment or compensation whatsoever to Plaintiff. If Plaintiff refused, Defendant threatened to "charge-off" Plaintiff's open credit account. A "charge-off" is a credit card industry term; it refers to when a creditor reports to credit agencies that an outstanding debt is deemed by them to be unrecoverable. Furthermore, in a "charge-off," a consumer is reported as "severely delinquent," thus destroying any hope of restoring his or her credit score for seven (7) years.

On January 12, 2018, the following threatening email message was received from Defendant's counsel while acting on Defendant's behalf:

> "Please note that your son's credit card account with Barclays is **scheduled to charge-off on February 27, 2018**. Barclays has no discretion in this regard — **if we do not resolve matters pertaining to the counterclaim soon, the account will charge-off. Barclays will not reverse a charge-off. Once the charge-off occurs, it can remain on your son's credit report for up to seven years.** Thus, time is of the essence with respect to these settlement discussions.
>
> …. Please understand that **Barclays is under no obligation to do what it is offering to do above concerning the delinquencies reporting on the Account** and the judgment for Defendant on the Counterclaim. **The delinquencies reporting are accurate, and your son is obligated to pay the Account balance.**" (Emphasis supplied) [Exhibit "B"].

Also on January 12, 2018, in an unlawful attempt to coerce Plaintiff into an unfavorable settlement agreement, Defendant sent the following message via its counsel, which states in relevant part:

> "Barclays' settlement offer proposed is more than reasonable. **If you choose not to accept it, then you do so at the risk of significantly worsening your son's credit. The account will charge-off, as indicated below. The delinquencies will remain**

3

**reporting, and there is risk that the Judgment will be picked up by the consumer reporting agencies.** Your son's claims against Barclays had, and still has, no basis in law or in fact. An appeal is not going to change that [. . . . ]

The below proposed **settlement offer** will be held open until Tuesday, January 16, 2018 at 5:00 p.m, at which point, if not accepted, it will be deemed rejected and withdrawn." (Emphasis supplied) [Exhibit "C"].

As this Court is aware, pursuant to both the Fair Credit Billing Act (FCBA") and the Equal Credit Opportunity Act ("ECOA"), it is unlawful for any creditor to discriminate against any credit card consumer for exercising his right to dispute a billing charge, which includes exercising his right to file and litigate a complaint in relation thereto. This prohibition against predatory and retaliatory practices includes the period of time until the "billing error" claim has been finally adjudicated.

All of these knowing and willful violations of the pertinent federal law and regulations can only be explained as that of Defendant's unfair and deceptive goal of attempting to gain an unfair advantage in forcing an unreasonable settlement. Unfortunately for Plaintiff, Defendant Barclays had already quite effectively carried out in major part its threat and harassment in destroying Plaintiff's credit score. This was done simply because Plaintiff exercised his right to dispute the credit card charge ("billing error") in good faith, and refused to accept Defendant's unfavorable settlement terms which included, *inter alia*, seeking consent to continue with adversely and permanently affecting his credit score. Defendant's unlawful conduct has caused, and continues to cause, serious and irreparable harm to Plaintiff's credit, and Plaintiff's ability to obtain credit. Defendant must be prevented from causing further substantial harm—and at exponentially greater scale—to Plaintiff's credit through its retaliation and threat of a "charge-off."

## II.     Arguments
### a. There is a substantial likelihood that Plaintiff will prevail on the merits.

There is a substantial likelihood that Plaintiff will prevail on the merits of his claims. By way of example, under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691(a)(3), a creditor may not discriminate against an applicant for credit because that person has exercised, in good faith, any right under the Consumer Credit Protection Act. This includes the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, and the Fair Credit Billing Act/Truth in

Lending Act. The attached letter from Defendant Barclays, wherein it states that it is cancelling Plaintiff's open credit account, is clear and unambiguous, and thus constitutes a violation of the plain language of the ECOA. [Exhibit "D"].

*Arguendo*, even if Defendant did not violate the ECOA, Defendant's retaliation and immoral conduct is, at a bare minimum, unfair and deceptive within the meaning of Fla. Stat. § 501.201 *et seq.* ("FDUTPA"). No reasonable jury would find that it is somehow not unfair and deceptive for a large multinational credit card company to retaliate against a consumer for filing a complaint. Furthermore, no reasonable jury would find that Defendant acted in "good faith" by unilaterally closing Plaintiff's open credit account. Pursuant to Fla. Stat. § 501.211, "anyone aggrieved by a violation of this part [FDUTPA] may bring an action to obtain a declaratory judgment that an act or practice violates this part and to **enjoin** a person who has violated, is violating, or is otherwise likely to violate this part[.]" (Bold supplied).

### b. Plaintiff will suffer irreparable and immediate injury unless the injunction is issued.

By Defendant's own admission, Defendant will inflict serious, immediate, and irreparable harm against Plaintiff. In its January 12, 2018 email, Defendant states that "[o]nce the charge-off occurs, it can remain on [Plaintiff's] credit report for up to seven years. Thus, time is of the essence with respect to these settlement discussions." [Exhibit "B"].

### c. Plaintiff's injuries overwhelmingly outweigh any potential harm to Defendant.

Defendant's "charge-off" threat in its January 12, 2018 email has zero financial benefit to Defendant. Whether or not Defendant reports Plaintiff as "delinquent" to a credit reporting bureau makes no difference whatsoever to Defendant's revenue and profitability, and is wholly unnecessary. Accordingly, the only potential countervailing interest that can be seen from Defendant's "charge-off" threat is to engage in coercion in order to unlawfully pressure Plaintiff into abandoning his action.

### d. The issuance of the injunction is not adverse to the public interest.

It is respectfully submitted to this Honorable Court that not issuing an injunction in the case at bar would be adverse to the public interest, and would set an extremely dangerous precedent. Indeed, no reasonable credit card consumer would even dream of filing a complaint

5

6

against a credit card firm if he or she knows that the firm will retaliate by destroying the consumer's credit. Such a result would be contrary to public policy and contrary to the Legislature's intent in crafting the FCBA and ECOA.

**WHEREFORE,** on the foregoing grounds and premises, Plaintiff prays that this Honorable Court ENJOIN Defendant from: (1) engaging in further retaliatory conduct; and (2) directly or indirectly causing, through its acts or omissions, further harm to Plaintiff and to Plaintiff's credit score until the final adjudication of all claims between the Parties hereto.

DATED: 24th of February, 2018

<div style="text-align: right;">

Respectfully submitted,

Jonathan Mullane
*Pro se*
1100 S Miami Avenue
Unit 2806
Miami, FL 33130
Tel.: (617) 800-6925

</div>

## **CERTIFICATE OF SERVICE**

I, JONATHAN MULLANE, hereby certify that on this 24th day of February, 2018 I served a true copy of the foregoing Emergency Motion for a Temporary Restraining Order And/Or Preliminary Injunction and Supporting Memorandum of Law via both electronic correspondence and first class mail to the Defendant via its counsel:

Fentrice D. Driskell
Carlton Fields Jorden Burt, P.A.
P.O. Box 3239
Tampa, FL 33601-3239
Telephone: (813) 223-7000
Facsimile: (813) 229-4133
fdriskell@carltonfields.com

Jonathan Mullane
*Pro se*
1100 S Miami Avenue
Unit 2806
Miami, FL 33130
Tel.: (617) 800-6925
j.mullane@icloud.com

7

# EXHIBIT A

<div align="center">
Jonathan Mullane
30 Donnell Street, Cambridge, MA 02138, U.S.A. | +1 (617) 800-6925 | j.mullane@icloud.com
</div>

---

July 5, 2017

Barclaycard
P.O. Box 8801
Wilmington, DE 19899-8801

**<u>CONFIDENTIAL AND PRIVILEGED COMMUNICATION:
FOR SETTLEMENT PURPOSES ONLY</u>**

**RE:  Correspondence Received July 5, 2017 (Case no. 2420476)**

Dear Madam/Sir:

This is now the third letter that I have submitted to Barclaycard via my attorney, wherein I have clearly and expressly stated that I cannot be reached via telephone. I have repeatedly, and very politely, requested that you submit any and all questions you may have either: (1) via email; or (2) via my attorney. You have failed to do either of the foregoing. As you are very well aware from my credit card statement, I am currently out of the country and cannot easily be reached. Federal law does not require that an obligor be reachable by telephone.

Under 15 U.S.C. §1666(a)(B), you must make the cancellation <u>no later than two complete billing cycles</u>. By failing to take the appropriate measure of cancelling the transaction, the present letter serves as formal notice that you are in violation of federal law. Accordingly, I demand that the transaction in question be cancelled immediately, and without further delay.

Sincerely,

Jonathan Mullane

# EXHIBIT B

From: **Peter Mullane** peter@3mlaw.com
Subject: Fwd: Barclays / Mullane
Date: January 12, 2018 at 11:23
To: Jonathan Mullane j.mullane@icloud.com



FYI

---

E. Peter Mullane, Esquire
***MULLANE, MICHEL & McINNES***
6 Bennett Street
Cambridge, MA 02138-1352
Tel.  617.661.9000
Fax  617,661,3000
Cell: 617.901.7692
Email: peter@3mlaw.com

---

**From:** Jennifer Rossi <jrossi@jrossilaw.com>
**Subject: Re: Barclays / Mullane**
**Date:** January 12, 2018 at 11:19:10 AM EST
**To:** Peter Mullane <peter@3mlaw.com>
**Resent-From:** <peter@3mlaw.com>

THIS IS A CONFIDENTIAL SETTLEMENT COMMUNICATION. IT IS NOT ADMISSIBLE FOR ANY PURPOSE.

Attorney Mullane,

Please note that your son's credit card account with Barclays is scheduled to charge-off on February 27, 2018. Barclays has no discretion in this regard — if we do not resolve matters pertaining to the counterclaim soon, the account will charge-off. Barclays will not reverse a charge-off. Once the charge-off occurs, it can remain on your son's credit report for up to seven years. Thus, time is of the essence with respect to these settlement discussions.

In addition, there now is the issue of the Judgment for Defendant on Counterclaim, issued after the Judgment for Defendant, and which resulted from your telephone call to the Court.

Barclays will agree to the following:

In exchange for a mutual release of all claims between your son, Jonathan Mullane and Barclays Bank Delaware ("Barclays") (collectively, "the Parties"), the Parties agree as follows:

Jonathan Mullane will pay the total amount of $1,681.08 to Barclays, so that such payment is received by Barclays on or before January 19, 2018 ("the Payment").

Within five (5) business days following Barclays' receipt of the Payment, Barclays will agree to request that the consumer reporting agencies update the reporting of your son's credit card account ending in 2191 ("the Account") to remove all delinquencies reporting on the Account, and to update the Account to report as "paid in full". (Please note that the Account still will report as "closed by credit grantor". Also, please note that each consumer reporting agency may use terminology that is similar, but not the exact same as indicated here, and that it may take up to 60 days for the consumer reporting agencies to update the reporting of the trade line concerning the Account.)

Within five (5) business days following Barclays' receipt of the Payment, the Parties will file a Joint Motion to Vacate the Judgment for Defendant on Counterclaim only. The Parties agree that the Judgment for Defendant dated December 26, 2017 shall stand, not be vacated, and be reinstated if necessary.

If the above is agreeable, I will draft and forward you a Settlement Agreement. As explained above, it is important that I hear from you as soon as possible with respect to this proposed settlement. In addition, I will draft and forward you the Joint Motion referenced above.

Please understand that Barclays is under no obligation to do what it is offering to do above concerning the delinquencies reporting on the Account and the Judgment for Defendant on Counterclaim. The delinquencies reporting are accurate, and your son is obligated to pay the Account balance.

Thank you, and I look forward to hearing from you.

Jennifer Rossi



**Jennifer Rossi**
Law Office of Jennifer Rossi LLC          F Facebook

# EXHIBIT C



**From:** **Peter Mullane** peter@3mlaw.com
**Subject:** Fwd: Barclays / Mullane
**Date:** January 12, 2018 at 14:52
**To:** Jonathan Mullane j.mullane@icloud.com

FYI

---

**From:** Jennifer Rossi <jrossi@jrossilaw.com>
**Subject:** Re: Barclays / Mullane
**Date:** January 12, 2018 at 2:48:29 PM EST
**To:** Peter Mullane <peter@3mlaw.com>
**Resent-From:** <peter@3mlaw.com>

Attorney Mullane,

Barclays' settlement offer proposed is more than reasonable. If you choose not to accept it, then you do so at the risk of significantly worsening your son's credit. The account will charge-off, as indicated below. The delinquencies will remain reporting, and there is risk that the Judgment will be picked up by the consumer reporting agencies. Your son's claims against Barclays had, and still has, no basis in law or in fact. An appeal is not going to change that.

Moreover, as the plaintiff, your son has no right to appeal the claims that he brought against Barclays. Rather, your son, as defendant-in-counterclaim, may only appeal the counterclaim. *See e.g. Most v. Fitzgerald*, 632 N.E.2d 837 (1994) (Supreme Judicial Court of Massachusetts) (citing *Bischof v. Kern*, 33 Mass. App. Ct. 45 (1992)).

The below proposed settlement offer will be held open until Tuesday, January 16, 2018 at 5:00 p.m., at which point, if not accepted, it will be deemed rejected and withdrawn.

Thank you.

Jennifer Rossi



**Jennifer Rossi**
**Law Office of Jennifer Rossi LLC**
104 Pioneer Drive | West Hartford, CT 06117
**T** 860.593.1783
**F** 860.570.1580
**E** jrossi@jrossilaw.com

**F** Facebook
**L** LinkedIn
**W** www.jrossilaw.com





CONFIDENTIALITY NOTICE: This email and any attached documents contain information from the Law Office of Jennifer Rossi LLC which are confidential and/or legally privileged. They are only for the intended recipient of this email. If you are not the intended recipient, any disclosure, printing, forwarding, or the taking of any action in reliance on the contents is strictly prohibited, and, this email and any printouts should be destroyed immediately. If you have received this email in error, please notify us immediately by reply email. IRS CIRCULAR 230 NOTICE: Any U.S. tax advice contained in this communication (including attachments) is not intended or written to be used, and cannot be used, for the purpose of avoiding tax penalties or in connection with promoting or marketing materials.

# EXHIBIT D

**barclaycard**

Barclaycard
P.O. Box 8833
Wilmington, DE 19899-8833

AB 01 014616 94444 B 33 A
Jonathan Mullane
6 Bennett St
6 Bennett St
Cambridge MA 02138-5708

November 03, 2017
Account ending in 2191

Regarding Your Barclaycard Arrival Plus™ World Elite MasterCard®

Dear Jonathan Mullane,

We are sorry to inform you that your Barclaycard Arrival Plus World Elite MasterCard account has been closed because it is more than 90 days past due. Please remember to do the following:

- Destroy all credit cards and checks associated with this account
- Contact any merchants where you have set up automatic monthly payments and notify them that the account has been closed
- Notify any online merchant accounts that maintain your account information for expedited checkout
- You remain responsible for the outstanding balance on your account; please check your monthly statement for payment information.

We strive to be able to help our cardmembers through difficult financial times. Please contact us at 866-456-0684 to discuss options that may be available to help you pay off your balance. Our Account Managers are available to help you Monday through Saturday from 8:00 am to 11:00 pm Eastern Time.

Sincerely,

Barclaycard

NOTICE: The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning Barclays Bank Delaware (Barclaycard) is the Bureau of Consumer Financial Protection, 1700 G Street NW., Washington, DC 20006.

PTX090

rthsmart
FedEx carbon-neutral
envelope shipping

ORIGIN ID:MPBA (617) 800-6925
JONATHAN MULLANE

1100 S MIAMI AVE APT 2806

MIAMI, FL 33130
UNITED STATES US

SHIP DATE: 24FEB18
ACTWGT: 0.30 LB
CAD: 6996685/SSF01822

BILL CREDIT CARD

TO S. DIST. OF FL CLERK'S OFFICE
WILKIE D. FERGUSON JR US COURTHOUSE
400 N MIAMI AVE
8TH FLOOR
MIAMI FL 33128

(000) 000-0000 REF:
INV:
PO: DEPT:

Part # 156297-435 RRDB EXP 12/18

FedEx
Express

E

REL#
3785346

MON - 26 FEB 10:30A
PRIORITY OVERNIGHT

TRK# 0201 7898 6843 6210

3C MPBA

33128
FL-US MIA

INSPECTED

RT 458
FZ 459

1
10:30

E
6210
02.26



