UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JONATHAN MULLANE,

      Plaintiff,

vs.                          CASE NO. 8:18-cv-20596-FAM

BARCLAYS BANK DELAWARE, INC.

      Defendant.

_____/

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT FOR FAILURE TO STATE
A CLAIM UPON WHICH RELIEF CAN BE GRANTED
(FED. R. CIV. P. 12(b)(6)), OR ALTERNATIVELY,
MOTION TO ABATE AND SUPPORTING MEMORANDUM**

**MOTION**

Defendant, Barclays Bank Delaware ("Defendant" or "Barclays"), incorrectly identified as Barclays Bank Delaware, Inc., by and through its undersigned counsel, moves to dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted (Fed. R. Civ. P. 12(b)(6)), or alternatively moves to abate, on the grounds stated in the Memorandum below:

**MEMORANDUM OF LAW**

**Background**

Plaintiff, Jonathan Mullane, asserts conclusory allegations of unlawful retaliation against him that stem from Barclays' alleged mishandling of a prior billing error dispute

114109628.4

under the Fair Credit Billing Act, 15 U.S.C. § 1666 ("FCBA"). Plaintiff asserts that after he disputed a charge on his Barclays credit card and sued Barclays for FCBA violations, Barclays retaliated against him by resuming routine collection activity regarding the disputed charge. Indeed, Plaintiff asserts that Barclays collection and reporting actions have violated the: Equal Credit Opportunity Act, 15 U.S.C. 1691(a)(3) ("ECOA") (Count I); Florida Fraudulent and Deceptive Trade Practice Act, *Fla. Stat.* § 501.164, *et seq.* ("FDUTPA") (Counts II and III); and the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA") (Count IV).

As stated more fully below, Count I should be dismissed because it alleges no facts to support its assertion that Barclays' efforts to collect and report Plaintiff's delinquent credit card debt were motivated by an improper purpose, retaliation against him for asserting rights under the FCBA. Moreover, Plaintiff previously sued Barclays for these same alleged violations of the FCBA, and lost. Counts II and III, asserting claims under FDUTPA also must be dismissed because banks, such as Barclays, are not subject to FDUTPA. Finally, Count IV must be dismissed because Plaintiff has not alleged and cannot allege the predicate to the only private cause of action available under the FCRA against a furnisher of information to a credit bureau, like Barclays here. Specifically, as a predicate to a private cause of action against Barclays, Plaintiff would have to have notified a credit bureau of the disputed information, and the credit bureau (not the consumer directly) must have notified Barclays of the disputed information. No such allegations are included in the Amended Complaint, and so Count IV must also be dismissed.

## I.      STANDARD OF REVIEW ON MOTION TO DISMISS

As stated in *Chevaldina v. Katz*:

> A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing the legal sufficiency of a complaint's allegations, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 868 (2009). That is, the complaint "must... contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *ADA v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (*quoting Twombly*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304,1308 (11th Cir. 2006) (*citing Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993)).

*See*, 2018 U.S. Dist. LEXIS 28725, *8 (S.D. Fla. February 19, 2018). "[A] court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [the plaintiff]." *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

When ruling on a motion to dismiss for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6), a court must limit its consideration to the complaint, the written instruments attached to it as exhibits, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Alcazar Tower, LLC v. Regions Bank*, 2013 U.S. Dist. LEXIS 195675, *8 (S.D. Fla. Jan. 11, 2013) (*citing, Seoul Broad. Sys. Int'l. Inc. v. Ladies Prof'l Golf Ass'n*, 2010 U.S. Dist. LEXIS 50521, *2 (M.D. Fla. May 21, 2010)). *See also, Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 2509, 168 L. Ed. 2d 179, 193 (2007). When deciding a motion to dismiss for failure to state a claim, or for lack of subject matter (or personal) jurisdiction, a court may consider judicially noticed matters without converting the motion into one for summary judgment. *See, e.g. Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1075, n. 9 (11th Cir. 2013) (taking judicial notice of court documents from state eviction action when considering a motion to

dismiss); *Klayman v. Deluca*, 2016 U.S. Dist. LEXIS 34031, *5 – 6 (S.D. Fla. March 15, 2016) (taking judicial notice of filings in other courts as they are matters of public record in considering a motion to dismiss).  "A court may take judicial notice of orders and other documents filed in another court, …but only to establish the fact of these filings and that certain matters were decided rather than the truth of any facts asserted within them.  *Klayman* at *5 – 6 (*citing, United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994)).

## II.   PROCEDURAL BACKGROUND – PRIOR MASSACHUSETTS FCBA LAWSUIT

On or about August 7, 2017, Plaintiff filed a Statement of Small Claim and Notice of Trial, along with a Complaint attached thereto ("the Complaint") commencing an action against Barclays with respect to a disputed charge on his Barclays credit card account (the "Massachusetts Lawsuit").  [*See*, Defendant's Motion for Judicial Notice, Exhibit 1.]  The Complaint alleges: violations of Mass. Gen. Laws ch. 93A, §2; violation of FCBA; aiding and abetting, unjust enrichment, and negligence.  [*See*, *Id.*]

Barclays filed its Answer, Defenses, and Counterclaim on or about November 30, 2017.  [*See*, *Id.*, Exhibit 4.]  Barclays' Counterclaim alleged that Plaintiff owes it $1,611.91, plus interest and late fees that continue to accrue.  [*See*, *Id.*]

A Small Claim Trial was held on December 21, 2017.  [*See, Id.*, Exhibit 2.]  Presiding over that trial was Clerk-Magistrate/Assistant Clerk, Brian V. Sullivan ("the Clerk Magistrate").  Following trial, the Clerk Magistrate issued Judgment in favor of the Defendant on the Complaint ("the Judgment").  [*See, Id.*, Exhibit 6.]  Thereafter, the Clerk Magistrate issued Judgment for Defendant, Barclays on its Counterclaim in the amount of $1,555.11 ("the Judgment on Counterclaim").  [*See, Id.,* Exhibit 7.]

Plaintiff then filed a Claim of Appeal, with an attached Memorandum on Claim of

Appeal, showing a date of January 12, 2018 ("the Appeal"). [*See, Id.*, Exhibit 8.] In response, Barclays filed a Motion to Dismiss the Plaintiff's Claim of Appeal and Memorandum of Law in Support. [*See, Id.*, Exhibit 10.] Plaintiff thereafter filed an Opposition to Barclays' Motion to Dismiss the Appeal and Cross-Motion to Dismiss and for Summary Judgment, and a Supplemental Memorandum in Support of Cross-Motion to Dismiss and for Summary Judgment. [*See, Id.*, Exhibits 11 & 12.] In response, Barclays filed an Opposition to Plaintiff's Cross-Motion to Dismiss and for Summary Judgment. [*See, Id.*, Exhibit 13.]

Following argument on February 12, 2018, Cambridge District Court Judge Michele B. Hogan's issued Orders dated February 22, 2018 that: (1) allowed (granted) Barclays' Motion to Dismiss Plaintiff's Claim of Appeal, and (2) denied Plaintiff's Opposition to Defendant's Motion to Dismiss the Appeal and Cross-Motion to Dismiss and for Summary Judgment. [*See, Id.,* Exhibit 14.]

Most recently, Plaintiff filed another Notice of Appeal to the Appellate Division of the District Court dated February 28, 2018, (*see, id.,* Exhibit 15), and on March 2, 2018, Plaintiff filed a Motion for Recusal for Cause and a Motion for Reconsideration. [*See, Id.,* Exhibit 16.] These motions have not yet been ruled upon.

## III.    ARGUMENT

### A.    Count I of the Amended Complaint Should Be Dismissed, or Alternatively Abated, Given the Massachusetts Lawsuit.

As explained more fully above, Plaintiff brought a prior lawsuit alleging that Barclays failed to perform its obligations under the FCBA and related state law claims, after Plaintiff reported an alleged billing error, but Plaintiff lost that lawsuit.

"In order to establish a violation of § 1691(a)3, a plaintiff must show that:  (1) he exercised in good faith (2) a right under the Consumer Credit Protection Act, and (3) as a result

the creditor discriminated against him with respect to the credit transaction." *Bowen v. First Family Financial Services, Inc.*, 233 F. 3d 1331, 1335 (11th Cir. 2000).

As discussed more fully below, to the extent the Amended Complaint is premised on Barclays' alleged failure to perform an investigation, resolve the alleged billing error and notify Plaintiff of its resolution as required by the FCBA it must fail because of the Judgment entered against Plaintiff on this claim in the Massachusetts Lawsuit.   Likewise, to the extent the Amended Complaint implies that Barclays was still prohibited from resuming normal billing, collection or reporting activity under the FCBA at the time Barclays resumed collection activities, it must also fail for the same reasons.   Stripped of these basic premises, the Amended Complaint alleges no facts to support the assertion that Barclays unlawfully retaliated against Plaintiff because he exercised rights under the FCBA.   *See Quintana v. Countrywide Home Loans, Inc.*, 2009 WL10668318*6 ("*Quintana* has made no allegation of discriminatory action on the part of *Countryside*.  She merely takes her TILA and FDUTPA claims and labels them as ECOA claims"); *Deloe v. Department Stores Nat. Bank*, 2017 WL4052185D. Ore 2017) (plaintiff fails to allege specifically that bank lowered credit limit because she invoked rights under ECOA, plaintiff alleges lowered credit limit because of delinquencies).   Here, the Amended Complaint alleges only Plaintiff's surmise of Barclays motives behind its apparently routine collection activity, and threadbare recitals of the elements of a cause of action for discrimination under the ECOA.

Moreover, one of the alleged acts of retaliation closing of the Plaintiff's credit card account (Complaint ¶¶ 18 and 33), would be excluded from the list of adverse actions under ECOA "where the applicant is delinquent or otherwise in default."  15 U.S.C. 1691(d)(6). *Molina v. Aurora Loan Services, LLC*, 635 Fed. Appx. 618, 624 (11th Cir. 2015) (to be liable

under ECOA a creditor must take an "adverse action," among actions not considered adverse is refusal to extend additional credit under an existing arrangement where the applicant is delinquent or otherwise in default).

Although pending and not yet ruled upon, Barclays does not believe that Plaintiff's most recent filings in appeal of Massachusetts Lawsuits are proper procedurally, or hold merit substantively. Nevertheless, "[t]here are a variety of contexts in which a district court may decide to dismiss… an action that duplicates another lawsuit pending elsewhere. Such circumstances can arise when two district courts are simultaneously involved in related cases, or a state court and a federal court are exercising concurrent jurisdiction, or when there is a related action pending in another country. Courts must weigh concerns regarding judicial economy, comity, and conflicting results in such instances and attempt to avoid a duplication of efforts where 'substantially the same parties are contemporaneously litigating substantially the same issues in more than one forum.'" *Cordell Funding, LLP v. Jenkins*, 2013 U.S. Dist. LEXIS 191669, *2 – 3 (S.D. Fla. July 17, 2013).

Alternatively, abatement is an appropriate remedy where two actions are pending simultaneously involving the same parties and the same or substantially the same cause of action. Accordingly, this action should be dismissed, or in the alternative, abated because: (1) the Massachusetts Lawsuit remains pending, (2) the parties to this matter and to the Massachusetts matter are the same, and (3) the two actions involve the same or substantially similar causes of action. *See, e.g., First State Bank v. Goldstein*, 2011 U.S. Dist. LEXIS 122311, *8 (S.D. Fla. October 17, 2011) (holding that federal lawsuit was abated by plaintiff's pending state action) (*citing, Britamco Underwriters, Inc. v. Central Jersey Investments*, 632 So.2d 138, 139 (Fla. 4th DCA1994); *Banco Bilbao Vizcaya, S.A. v. Naiz, S.A.*, 615 So.2d 233, 234 (Fla. 3d DCA 1993);

*International Surplus Lines Ins. Co. v. Markham,* 580 So.2d 251, 253 (Fla. 2d DCA 1991);

*Lightsey v. Williams,* 526 So. 2d 764, 765 (Fla. 5th DCA 1988)).

      As noted above, the Judgment and Judgment on Counterclaim may not be final because of the latest filings. "In Florida, '[t]he finality of a judgment occurs when no appeal is taken.'" *See, First State Bank v. Goldstein*, 2011 U.S. Dist. LEXIS 122311, *7 (S.D. Fla. October 17, 2011) (citing, *Milo v. Leinoff and Silvers, P.A.*, 668 So.2d 1108, 1110 (Fla. 3d DCA 1996); *Cicero v. Paradis*, 184 So. 212, 214 (Fla. 2d DCA 1966) (noting that "we subscribe to the rule followed in several other jurisdictions that a judgment becomes final only when the appellate process, once started, has been completed")). Since the filing of this action in Florida on February 22, 2018, Judge Michele B. Hogan at the Cambridge District Court in Massachusetts, following oral argument on February 12, 2018, "allowed" Barclays' Motion to Dismiss Plaintiff's Claim of Appeal, and denied Plaintiff's Opposition to Defendant's Motion to Dismiss the Appeal and Cross-Motion to Dismiss and for Summary Judgment. [*See,* Motion for Judicial Notice, Exhibit 14.] Barclays does not believe any subsequent motions filed by Plaintiff affects the finality of those decisions, although Plaintiff is attempting to appeal those decisions on appeal, as explained above. [*See, Id.*, Exhibits 15 & 16.] Thus, at this time, the Massachusetts action remains pending.[1]

      The parties to this matter and the Massachusetts matter are the same. As Plaintiff asserts

---

[1] When the latest filings are ruled upon, Barclays will raise issues concerning res judicata or collateral estoppel at the appropriate time, and accordingly under Fed. R. Civ. P. 12(h)(2). The res judicata and collateral estoppel defenses commonly are treated as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. *FBK Assocs. v. Suntrust Bank*, 2014 U.S. Dist. LEXIS 189052, *10 (S.D. Fla. January 16, 2014) (citing, *Concordia v. Bendekovic*, 693 F.2d 1073, 1075 (11th Cir. 1982) (other citations omitted)). *See also, Kareem v. Ocwen Loan Servicing, LLC*, 2016 U.S. Dist. LEXIS 191600, * (S.D. Fla. March 30, 2016) (considering collateral estoppel on motion to dismiss under Fed. R. Civ. P. 12(b)(6)).

in his Amended Complaint, "…Plaintiff actually commenced a legal proceeding against Barclays on August 12, 2017, that is now pending for a jury trial in a Massachusetts court." [*See,* Amended Complaint, ¶ 18. *See also, Id.,* ¶ 23.]   Thus, there is no dispute that the action in Massachusetts and this action in Florida involve the same parties. [*See also,* Motion for Judicial Notice, Exhibits 1 – 16.]

The action in Massachusetts and the action here involve the same or substantially similar causes of action.  The gravamen of both matters is a billing dispute, an alleged "billing error" and Barclays alleged retaliation against Plaintiff. [*See, e.g.,* Plaintiff's Amended Complaint, ¶¶ 8 – 17, 23, 26 – 27, and 30 – 32. *See also,* Motion for Judicial Notice, Exhibit 1, ¶¶ 6 – 59.] The Fair Credit Billing Act is referenced repeatedly throughout Plaintiff's Amended Complaint, which was one of the causes of action asserted in the Massachusetts lawsuit.  [*See, e.g.,* Plaintiff's Amended Complaint, ¶¶ 10 – 11, 14, 30, 32. *See also,* Motion for Judicial Notice, Exhibit 1, Count III.]

The amount owed to Barclays under Plaintiff's credit card account with it, as well as Barclays' reporting of that account's trade line to consumer reporting agencies, and Barclays' closure of that account, are issues raised in the Massachusetts lawsuit.  [*See, e.g.,* Motion for Judicial Notice*,* Exhibit 4, Counterclaim, pp. 7 – 10; Exhibit 5, Reply, Second Affirmative Defense, p. 3; Exhibit 7, Judgment for Defendant on Counterclaim; Exhibit 8, Plaintiff's Claim of Appeal, pp. 3, 6 – 7.]

In his Claim of Appeal filed in the Massachusetts matter, Plaintiff argued the same "retaliation" that he asserts here in this matter; namely, that Barclays' "…proceeded to unconscionably retaliate against Plaintiff by unlawfully reporting this disputed credit charge as being delinquent, all to the great harm of the Plaintiff's credit score." [*Compare, Id.,* Exhibit 8,

pp. 3, and 6 – 7, *to* Plaintiff's Amended Complaint, ¶¶ 12 – 14, 16, 27, 33, and 44.]   Plaintiff further argued that, "Barclays unilaterally terminated Plaintiff's open-end credit account after it learned that Plaintiff had filed a complaint against it with this Court; …"   [*Compare, Id.,* Exhibit 8, p. 3, and 6 – 7, *to* Plaintiff's Amended Complaint, ¶¶ 18, 33, 37.]   And, Plaintiff argued that Barclays' Counterclaim should be barred due to its alleged "violations of the FCBA, federal regulations of credit reporting, and the ECOA."   [*Compare, Id.,* Exhibit 11, Memorandum of Law in Support, pp. 8 – 11, 14, and 17 – 19, *to* Plaintiff's Amended Complaint, ¶¶ 15, 29 – 35.] Plaintiff argued that these violations and claims that have arisen are "relevant to and part of [his] affirmative defenses to [Barclays'] counterclaim."   [*See, Id.,* Exhibit 11, Memorandum of Law in Support, pp. 1 – 2.]

Plaintiff urged the Massachusetts Court to grant him summary judgment as a matter of law because of Barclays' alleged "retaliation conduct and threats during and throughout this billing dispute process…"   [*See, Id.*, Exhibit 12, Supplemental Memorandum in Support, p. 1.] Plaintiff specifically urged the Massachusetts Court to do so based on Barclays' alleged violations of the Equal Credit Opportunity Act ("ECOA"), including "threats to negatively impact credit reporting" and "charge-off" of the Plaintiff's credit card account.   [*Compare, Id.,* pp. 1 – 6 *to* Plaintiff's Amended Complaint, ¶¶ 15, 19 – 21, and 29 – 35.]

Of course, Plaintiff's claims related to his FICO credit score also are a part of the Massachusetts lawsuit.   [*Compare, Id.,* Exhibit 11, Exhibits G & H *to* Plaintiff's Amended Complaint, ¶ 22.]

Notably, Plaintiff alleges that, "[i]n early December, Plaintiff discovered that Defendant had knowingly and intentionally retaliated against him for appropriately and in 'good faith' asserting his rights in disputing the subject 'billing error'" and that, "[a]t the time [the] complaint

was filed on August 12, 2017, Plaintiff did not know, and indeed could not have known, of these other foregoing retaliatory actions of Defendant." [*See,* Plaintiff's Amended Complaint, ¶¶ 12 & 24.]  Yet, the trial in Massachusetts did not take place until December 21, 2017 and, as explained above, Plaintiff argued that these violations and claims that have arisen are "relevant to and part of [his] affirmative defenses to [Barclays'] counterclaim." [*See, Id.,* Exhibit 11, Memorandum of Law in Support, pp. 1 – 2.]  Comparing Plaintiff's own allegations, arguments, and filings in the Massachusetts lawsuit, to this matter, there is no doubt that this matter and the Massachusetts matter involve the same or, at the minimum, substantially similar, causes of action.

For the reasons explained above, this matter should be abated and dismissed in its entirety.

### B.    Counts II And III Fail Because FDUTPA Does Not Apply To A Bank Like Barclays, Which Is Regulated By a Federal Agency.

Plaintiff alleges in Counts II and III of the Amended Complaint that Barclays violated FDUTPA because it failed to investigate what Mullane calls a "billing error," and then sought to collect the disputed amount, and reported it to credit bureaus as delinquent. *Florida Statutes* § 501.212(4), however, provides that FDUTPA does not apply to banks regulated by Florida's Office of Financial Regulation or by federal agencies. *See, Bankers Trust Co. v. Basciano*, 960 So. 2d 773, 778-779 (Fla. 5th DCA 2007) ("FDUTPA does not apply to banks and savings and loan associations regulated by the state or the federal government.") (emphasis added).  As a state chartered bank, Barclays is regulated by the Federal Deposit Insurance Corporation. *See* Affidavit of Peri Hutt, ¶ 1.  This exempts Barclays from the mandates of FDUTPA.  As a result, Counts II and III fail and must be dismissed.

Even if banks were subject to FDUTPA, Count III which asserts that reporting

Plaintiff's delinquent debt to credit bureaus also violated FDUTPA, would fail under the doctrine of federal pre-exemption under the FCRA as well, as discussed more fully below.

### C.  Count IV Fails to State a Claim Under the Fair Credit Reporting Act.

Count IV to Plaintiff's Amended Complaint alleges violation of the Fair Credit Reporting Act, 15 U.S.C.S. §1681, *et seq*.  Count IV fails to state a claim against Barclays because Plaintiff does not allege sufficient facts to show that Barclays' duties under 15 U.S.C.S. §1681s-2(b) have been triggered, so as to give rise to a private cause of action.

Section 1681s-2(b) governs claims made by consumers after a furnisher is provided with notice of a dispute concerning information contained in a credit report.  *Lucas v. Account Servs. Collections*, 2018 U.S. LEXIS 11533, *6 (S.D. Fla. January 23, 2018) (*citing, Green v. RBC Nat. Bank*, 288 Fed. Appx. 641, 642 – 43 (11th Cir. 2008)).  "Section 1681s-2(b) imposes an obligation on any furnisher of information to, among other things, investigate disputed information and report the results of any such investigation to the consumer reporting agency upon its completion."  *Id.*  "A furnisher's duty under the statute is not triggered, however, until after a furnisher receives notice from a consumer reporting agency of a consumer's dispute."  *Id.* (*citing, Sampson v. Washington Mut. Bank*, 453 F. App'x 863, 867 – 68 (11th Cir. 2011)).

"[F]or Plaintiff to prevail on a Section 1681s-2(b) claim, he would first need to allege: (1) that he notified a consumer reporting agency that he disputed the completeness or accuracy of information on his credit report; (2) that the reporting agency gave notice of Plaintiff's dispute to Defendant; and (3) Defendant failed to perform any of the following acts: (a) conduct a reasonable investigation of the dispute; (b) review all relevant information provided by the consumer reporting agency; (c) report the results of its investigation to the consumer reporting agency; or (d) modify, delete or otherwise correct the report if the investigation reveals that the

disputed information is indeed inaccurate or incomplete.  *Id.* (*citing, Ware v. Bank of America Corp.*, 9 F. Supp. 3d 1329, 1338 (N.D. Ga. 2014)).

Here, Plaintiff only alleges that he disputed an alleged billing error on his credit card account, and that this dispute was made to Barclays directly.  [*See,* Plaintiff's Amended Complaint, ¶¶ 8 – 11, ¶¶ 52 – 55].  Plaintiff has not alleged that he notified a consumer reporting agency that he disputed the accuracy of the information on his credit report.  Plaintiff has not alleged that any consumer reporting agency gave notice to Barclays of any dispute to the consumer reporting agency by Plaintiff.  Plaintiff has not alleged that, after receiving notice of any dispute made to a consumer reporting agency by Plaintiff, Barclays failed to conduct a reasonable investigation, or failed to review all relevant information, or failed to report the results of its investigation, or failed to modify, delete, or correct the reporting after any such investigation.

Section 1681s-2(b) states:

> **(b)**     Duties of furnishers of information upon notice of dispute.
>
> > **(1)** In general. *After receiving notice* pursuant to section 611(a)(2) [15 USCS § 1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information *provided by a person to a consumer reporting agency*, the person shall…

*See,* 15 U.S.C.S. §1681s-2(b) (*emphasis added*).  Notice pursuant to 15 U.S.C.S. §1681i(a)(2) is:

> **(2)** Prompt notice of dispute to furnisher of information.
>
> > **(A)** In general. Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.

**(B)** Provision of other information. The consumer reporting agency shall promptly provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the agency from the consumer or the reseller after the period referred to in subparagraph (A) and before the end of the period referred to in paragraph (1)(A).

*See*, 15 U.S.C.S. §1681i(a)(2).

It is, thus, the consumer reporting agency's notice to the furnisher of the information (in this case, Barclays) that triggers the furnisher's obligations under 15 U.S.C. §1681s-2(b). It is not a consumer's notice to the furnisher directly that triggers such obligations.

Indeed, the combined effect of three sections of the FCRA makes clear that no private cause of action exists without this necessary predicate to a private cause of action, and no such facts are alleged in the Amended Complaint.

First, section 1681(t)(b) preempts state law with respect to specific enumerated sections of the FCRA, including specifically section 1681s-2. It provides:

General Exceptions.

No requirement or prohibition may be imposed under laws of any state—

(1) With respect to any subject matter regulated under
. . .

(F) section 1681s-2 of this title relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . .

15 U.S.C. § 1681(t)(b).

Likewise, to the extent Plaintiff is attempting to bootstrap Barclays' alleged reporting of erroneous credit information under the FCRA with a FDUTPA violation as he has alleged in Count III, his claims fail because such a state law claim would be preempted by the FCRA even if FDUTPA applied to Barclays, which it does not. The FCRA precludes any state statute from creating a private cause of action against a creditor who allegedly furnishes inaccurate

information to a credit reporting agency.  *See, e.g., Carruthers v. Am. Honda Fin. Corp.*, 717 F. Supp. 2d 1251, 1254 (N.D. Fla. 2010); *Knudson v. Wachovia Bank, N.A.*, 513 F. Supp. 2d 1255 (M.D. Ala. 2010); *Trout v. BMW of North America*, No. 2:04-CV-01466-BES-LRL, 2007 WL 602230, at *2 (D. Nev. Feb. 20, 2007); *Showalter v. Barclays Manhattan/Providian*, No. C 05-00548 WHA, 2005 WL 2000943, at *3 (N.D. Cal. Aug. 19, 2005); *Pitstick Farms, Inc. v. Sanders Sales & Service, Inc.*, No. No. 2:04-CV-997, 2005 WL 1151684, at *3 (S.D. Ohio May 16, 2005); *Cisneros v. Trans Union, LLC*, 293 F. Supp. 2d 1167, 1174 (D. Haw. 2003); *Hasvold v. First USA Bank, N.A.*, 194 F. Supp. 2d 1228, 1238 (D. Wyo. 2002); *Jaramillo v. Experian Information Solutions, Inc.*, 155 F. Supp. 2d 356, 364 (E.D. Pa. 2001); *Yelder v. Credit Bureau of Montgomery, L.L.C.*, 131 F. Supp. 2d 1275, 1283 (M.D. Ala. 2001).  As such, Plaintiff cannot bring any alleged claims he might have for erroneous credit reporting under any state law, including FDUTPA.

Second, sections 1681s-2(c) and (d) of the FCRA collectively provide that section 1681s-2(a), which imposes duties on furnishers of information, like Barclays, to provide accurate information to credit reporting agencies, "shall be enforced *exclusively* as provided under Section 1681s of this title by the Federal agencies and officials and the State officials identified section 1681s of this title."  15 U.S.C. §§ 1681s-2 (c)-(d) (emphasis added); *see also Cope v. MBNA America Bank, NA*, No. 04-CV-493-BR, 2006 WL 655742, at *9 (D. Or. Mar. 8, 2006) (granting motion for summary judgment against the plaintiff's allegations that the defendant engaged in wrongful conduct under section 1681s-2(a) because that section is enforceable only by federal and state officials); *Pitstick Farms*, 2005 WL 1151684, at *3 ("Enforcement of [subsection (a)] is in the exclusive province of the federal and state agencies identified in 15 U.S.C. § 1681s.").

In addition to making enforcement of section 1681s-2(a) exclusively a matter for government agencies, section 1681s-2(c) removes violations of section 1681s-2(a) regarding the furnishing of information by a creditor to credit reporting agencies from the civil liability remedies established by the FCRA, even if such violations occur as a result of willfulness (§ 1681n) or negligence (§ 1681o).  Section 1681s-2(c) provides as follows:

> sections 1681n and 1681o of this title do not apply to any violation of . . . subsection (a) of this section, including any regulations issued thereunder.

15 U.S.C. § 1681s-2(c).

Thus, it is clear that no private cause of action exists against a furnisher of credit information to a credit reporting agency for providing inaccurate information, even if done knowingly, or against a furnisher of information providing information to a credit reporting agency even after a consumer notifies the furnisher of that the information directly that the information is inaccurate or disputed.  *See id.*

### D. Count IV Also Should Be Dismissed Because Barclays is Not a "Debt Collector" Subject to 15 U.S.C.S. §1692, Nor Has Such Been Alleged.

While Count IV is titled, "Violation of 15 U.S.C. § 1681 et seq. ('Fair Credit Reporting Act')," within that Count, Plaintiff also alleges that Barclays "failed to comply with 15 U.S.C.S. § 1692(g) in that it has not within five (5) days of Plaintiff's initial communication sent Plaintiff written documentation of the amount of the debt, the name of the original creditor nor other information required by the Fair Credit Reporting Act." [*See,* Plaintiff's Amended Complaint, ¶ 56].  Section 1692, *et seq.* is the Fair Debt Collections Practices Act ("FDCPA"), not the Fair Credit Reporting Act.  *See,* 15 U.S.C.S. §1692, *et seq.*

Section 1692g states, in part:

**(a)** Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

**(1)** the amount of the debt;
**(2)** the name of the creditor to whom the debt is owed;
**(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
**(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
**(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

*See,* 15 U.S.C.S. §1692g. The term "debt collector" is defined under 15 U.S.C.S. §1692a(6) as:

**(6)** The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 808(6) [15 USCS § 1692f(6)], such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. The term does not include—

**(A)** any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor; …

*See,* 15 U.S.C.S. §1692a(6).

Plaintiff fails to allege that Barclays is a "debt collector", that it used any name other than its own to collect any debt owed to it by Plaintiff, or that the conduct challenged is related to debt collection. Thus, to the extent that Plaintiff is attempting to assert a claim against Barclays under

15 U.S.C.S. §1692, *et seq.*, such claim should be dismissed because it fails to state a claim against Barclays upon which relief can be granted. *See. e.g., Hardy v. Wells Fargo Bank N.A., 2013 U.S. Dist. LEXIS 191455, \*32 – 37 (N.D. Ga. January 31, 2013)* (dismissing FDCPA claim because, among other things, Plaintiff alleged no facts supporting the notion that defendant is a debt collector or that she suffered damages) (*citing, Reese v. Ellis, Painter, Ratterree & Adams, 678 F.3d 1211, 1216 – 1218 (11ᵗʰ Cir. 2012)* (explaining that in order to state a plausible FDCPA claim under Section 1692e, a plaintiff must allege, among other things that the defendant is a "debt collector" and that the challenged conduct is related to debt collection); *Knowles v. Am. Home Mortg. Serv.*, 2012 U.S. Dist. LEXIS 84014, \*5 - 11 (N.D. Ala. June 18, 2012) (addressing whether plaintiff alleged sufficient facts that defendant was a "debt collector")); *see also, Gnipp v. Bank of Am. N.A.*, 2016 U.S. Dist. LEXIS 124673, \*19 (M.D. Fla. September 14, 2016) (dismissing complaint against Bank of America because, among other things, it did not allege that Bank of America was a "debt collector").

## IV.     CONCLUSION

For the foregoing reasons, Barclays respectfully requests that its Motion to Dismiss, or in the Alternative, Abate Count I be granted, and that Counts II, III and IV be dismissed.

/s/ Robert M. Quinn
Robert M. Quinn
Florida Bar No. 305898
Primary Email:  rquinn@carltonfields.com
Secondary Email:  lrodriguez@carltonfields.com
Secondary Email:  tpaecf@cfdom.net
Fentrice D. Driskell
Florida Bar No. 0833851
Primary Email:  fdriskell@carltonfields.com
Secondary Email:  tsharick@carltonfields.com
Secondary Email:  tpaecf@cfdom.net
Scott D. Feather
Florida Bar No. 68740
Primary Email:  sfeather@carltonfields.com
Secondary Email:  kburgee@carltonfields.com
Secondary Email:  tpaecf@cfdom.net
Carlton Fields Jorden Burt, P.A.
P.O. Box 3239
Tampa, FL  33601-3239
Telephone:  (813) 223-7000
Facsimile:  (813) 229-4133

*Attorneys for Barclays Bank USA, N.A.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **March 9, 2018**, I electronically filed Defendant's Motion and Memorandum of Law in Support of Its Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim Upon Which Relief Can Be Granted (Fed. R. Civ. P. 12(b)(6)), or Alternatively, Motion to Abate through the CM/ECF System, thereby the serving the foregoing by electronic service to the following:

Jonathan Mullane
1100 S. Miami Ave., Unit 2806
Miami, FL  33130
Telephone:  617-800-6925
Email:  j.mullane@icloud.com

*Pro Se Plaintiff*

/s/  Robert M. Quinn
Robert M. Quinn
Florida Bar No. 305898