UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:18-CV-20596-FAM

```
FILED by ___ D.C.
MAR 2 6 2018
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI
```

JONATHAN MULLANE,
    Plaintiff,

v.

BARCLAYS BANK DELAWARE INC.,
    Defendant.
_____/

## PLAINTIFF'S MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS

COMES NOW Plaintiff Jonathan Mullane (hereinafter, "Plaintiff"), and respectfully requests leave to appeal and seek a writ of mandamus from the United States Court of Appeals for the Eleventh Circuit in *forma pauperis* pursuant to Rule 24(a)(1) of the Federal Rules of Appellate Procedure.

The instant action and prayer for relief was filed on or around January 31, 2018. As stated in previous filings, the plain language of Rule 55(a) of the Federal Rules of Civil Procedure ("FRCP") expressly requires the clerk of this Honorable Court to make an entry of default. The clerk has refused to do so, under the false assumption that Defendant's 12(b)(6) motion to dismiss, which was filed over twenty-one (21) days after service of the <u>original</u> complaint, somehow tolled Defendant's requirement to file an answer. Under the FRCP, the fact that an amended complaint was filed does not change the requirement that the motion be filed within the time to answer the <u>original</u> complaint—not the amended one—should the defendant wish to toll its obligation to submit an answer.

Not only is this abundantly clear from the plain language of the Federal Rules of Civil Procedure, there is also case law on this unique issue. *See, Gen. Mills, Inc. v. Kraft Foods Glob., Inc.*, 495 F.3d 1378 (Fed. Cir. 2007). The *Gen. Mills* court noted that the express language of Rule 12(a)(4)—the rule that tolls the deadline to submit an answer—is limited to "**those periods**."

(Emphasis supplied). This refers to the periods of time permitted to file an answer in Rule 12(a), which include only: (1) twenty-one days after service of summons and complaint; (2) sixty days after a request for waiver of service is sent; or (3) ninety days after service on the United States or its officers, agencies, or employees. *Id.* Accordingly, the deadline to submit an answer is not changed by any amended complaint.

Here, if Defendant wanted to toll its obligation to file an answer, it easily could have submitted its motion under Rule 12(b)(6) within twenty-one (21) days after service of the <u>original</u> complaint. It failed to do so, and, as of the time of writing, still has not filed an answer. The clerk of this Court <u>must</u> make an entry of default; Rule 55(a) is unambiguous.

### ISSUE TO BE PRESENTED ON APPEAL

**Is Rule 55(a) violated if the clerk of the District Court refuses to make an entry of default, on the erroneous belief that a Rule 12(b)(6) motion to dismiss filed over twenty-one (21) days after service of the <u>original</u> complaint will toll the time for the Defendant to file its answer?**

Attached hereto is the requisite affidavit in support of Plaintiff's request to proceed in *forma pauperis,* in accordance with Rule 24(a)(1)(A) of the Federal Rules of Appellate Procedure.

**WHEREFORE,** Plaintiff respectfully requests that the instant motion be granted.

Respectfully submitted,

_____
Jonathan Mullane
*Pro se*
1100 S Miami Avenue
Unit 2806
Miami, FL 33130
Tel.: (617) 800-6925

DATED: 23rd of March, 2018

## **CERTIFICATE OF SERVICE**

I, JONATHAN MULLANE, hereby certify that on this 23rd day of March, 2018 I served a true copy of the foregoing Motion for Leave to Appeal in Forma Pauperis via first class mail to the Defendant via its counsel:

Robert Quinn
Carlton Fields Jorden Burt, P.A.
P.O. Box 3239
Tampa, FL 33601-3239
Telephone: (813) 223-7000
Facsimile: (813) 229-4133
fdriskell@carltonfields.com

 

_____
Jonathan Mullane
*Pro se*
1100 S Miami Avenue
Unit 2806
Miami, FL 33130
Tel.: (617) 800-6925
j.mullane@icloud.com

