UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:18-CV-20596-MORENO/LOUIS

JONATHAN MULLANE
         Plaintiff,

v.

BARCLAYS BANK DELAWARE INC.,
         Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTIONS FOR DEFAULT

Pending before the Court is Plaintiff's Renewed Motion for Entry of Clerk's Default (ECF No. 14) and Plaintiff's Motion for an Order to Correct Clerk's Failure to Make an Entry of Default. ECF No. 15. Defendant, Barclays Bank Delaware, filed a response (ECF No. 25) and Plaintiff has replied. ECF No. 28. Plaintiff's Motions are DENIED, as further explained below.

Plaintiff initiated this suit in Florida state court on January 31, 2018. Defendant removed the case to this Court on February 15, 2018. Before Defendant responded, Plaintiff filed an amended complaint on February 26, 2018. On March 9, 2018, Defendant filed a motion to dismiss all of the claims asserted pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff demands entry of default judgment on his contention that Defendant failed to file a "responsive pleading" within either 21 days of service of the original complaint or 14 of amended answer. Plaintiff invokes Federal Rule of Civil Procedure 55(a), applicable when a defendant "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Upon such a showing, "the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Plaintiff's Motions assume that Defendant has failed to plead or otherwise defend.

1

By amending his complaint before Defendant responded, Plaintiff effectively negated Defendant's deadline to respond to the original complaint. Pursuant to Federal Rule of Civil Procedure 15(a)(3), Defendant's timely response was required "within the time remaining to respond to the original pleading **or** within 14 days after service of the amended pleading, whichever is later." By filing its motion to dismiss on March 9, 2018, Defendant timely responded within 14 days of service.

Plaintiff complains that Defendant has still not filed an answer, but Defendant has no present deadline to do so. Under the Federal Rules, a timely filed motion to dismiss tolls the responsive pleading deadline until the motion is decided. Fed. R. Civ. P. 12(a)(4)(A); *see Guice v. Postmaster General, U.S. Postal Services*, 2017 WL 5952685 (11th Cir. 2017); *see also Lawhorn v. Atl. Ref. Co.,* 299 F.2d 353, 357 (5th Cir. 1962) ("After…a motion to dismiss for failure to state a claim is made, there is no reason to file any other pleadings until the motion is acted upon."). Specifically, Rule 12(a)(4) states that "if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action." Fed. R. Civ. P. 12(a)(4)(A). No answer is due while Defendant's motion to dismiss remains pending.

For the foregoing reasons, Plaintiff's Motions [ECF Nos. 14, 15] are DENIED.

**DONE AND ORDERED** at Miami, Florida, this 9th day of April, 2018.

LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE

2

Copies to:
United States District Judge Moreno
All counsel of record
Plaintiff